## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

John E. White,

        Plaintiff,

vs.                                                                                  Civ. No. 05-0932 JCH/ACT

Maricopa County,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default, filed October 13, 2005, **[Doc. No. 4]**, Defendant's Motion to Dismiss, filed October 14, 2005, **[Doc. No. 6]**, and Plaintiff's Motion to Set a hearing, filed December 5, 2005 **[Doc. No. 12]**. The Court having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiff's Motion for Default is not well taken and should be denied, that Defendant's motion to dismiss is well taken and should be granted, and that Plaintiff's Motion to Set a hearing is moot.

### BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint on September 1, 2005, claiming a Violation of Civil Rights," "Double Jeopardy," "Conspiracy," and the "Filing false and illegal documents." The Complaint alleges that Justice of the Peace W. Paul Johnson "tried White a second time for the same case," issued an "illegal judgment and warrant," and "conspired with the Maricopa County Prosecutor and White's defense lawyer." Plaintiff alleges that "Defendant comes under the color of New Mexico law because White's credit here and his rights to purchase a hunting rifle have been denied by persons known to White. (slander and defamation)."

The record indicates that Defendant was served with the Complaint on September 21, 2005, and that Defendant failed to respond to the summons and Complaint within twenty days from the date of service. Plaintiff filed a Motion for Default on October 13, 2005, seeking judgment in his favor based upon Defendant's failure to timely respond to the Complaint. On October 14, 2005, Defendant filed a Motion to Dismiss the Complaint, and on October 31, 2005, a Response to Plaintiff's Motion for Default Judgment. On December 5, 2005, Plaintiff filed a Motion to Set a hearing to present evidence in support of the Complaint.

## DISCUSSION

I.   Motion for Default Judgment

Defendant Maricopa County failed to respond to the Complaint and summons within twenty (20) days of service. Rather, Defendant filed an untimely Motion to Dismiss twenty-three days after service. Plaintiff filed his Motion for Default based upon Defendant's failure to timely respond to the Complaint. In his Motion, Plaintiff asks the Court to order Defendant to pay the $251,000.00 of damages requested in the Complaint.

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." After the Clerk enters default, a party may move for default judgment under Federal Rule of Civil Procedure 55(b)(2).

The Clerk has not entered default in this case. Accordingly, default judgment is not appropriate at this time. Even if the Clerk had entered default, however, the Court could not simply

award Plaintiff the damages requested in the Complaint. Although by virtue of a defendant's default, a court accepts as true all of the factual allegations of in a complaint relating to liability, *see Gervais v. O'Connell, Harris & Assocs.*, 297 F. Supp. 2d 435, 438 (D. Conn. 2003) (citation omitted), "liability is not necessarily established merely because of the default, as a defendant cannot be said to 'admit' conclusions of law through default." *Evanauskas v. Strumpf*, No. 00-CV-1106, 2001 U.S. Dist. LEXIS 14326, *4 (D. Conn. June 27, 2001). Therefore, before a court can enter judgment, the court "must determine whether plaintiff's factual allegations are sufficient to state a claim for relief on each of the causes of action for which the plaintiff seeks judgment by default." *Id.* (citation omitted); *see also* 10 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2688. As described below, the allegations in Plaintiff's complaint are not sufficient state a claim for relief. *Cf. Strumpf*, 2001 U.S. Dist LEXIS 14326, at *4. Accordingly, even if the Clerk had entered default in this case, Plaintiff would not be entitled to default judgment in his favor. The Court therefore denies Plaintiff's Motion for Default judgment.

II.     Motion to Dismiss

    A.     Subject Matter Jurisdiction

Defendant asks this Court to dismiss the Complaint for lack of subject matter jurisdiction. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 12(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that a defendant can move for dismissal on the ground of "lack

of jurisdiction over the subject matter."[1]  It is not the responsibility of the federal courts to "'fish for jurisdiction.'"  *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988).

Courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A plaintiff need not expressly claim that officers of the United States deprived him or her of specific constitutional rights, provided that a complaint alleges unconstitutional acts depriving the plaintiff of his or her constitutional rights.  *See, e.g.*, *Walden*, 840 F.2d at 775.  A district court must liberally construe a *pro se* complaint.  *See, e.g.*, *id.*; *see also Haines v. Kerner*, 404 U.S. 519 (1972).

Here, the Complaint alleges a "Violation of Civil Rights," "Double Jeopardy," "Conspiracy," and "Filing false and illegal documents."  The Complaint alleges that Justice Johnson "tried White a second time for the same case," issued an "illegal judgment and warrant," and "conspired with the Maricopa County Prosecutor and White's defense lawyer."  Although admittedly vague, these allegations are sufficient to indicate that Plaintiff may be attempting to allege unconstitutional acts depriving him of his constitutional rights.  *Cf. Walden*, 840 F.2d at 775.  Accordingly, the allegations in the Complaint are sufficient to establish that the Court has federal question jurisdiction over this case.[2]

---

[1] Even if the Court were to strike the Motion to Dismiss, which Plaintiff objects to as untimely, the Court notes that it would raise the issue of subject matter jurisdiction *sua sponte*.  It is well established that when there is a doubt regarding the existence of federal subject matter jurisdiction, a district court has an obligation to raise and address the issue of subject matter jurisdiction *sua sponte*.  *See, e.g.*, *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[2] The Court notes that Plaintiff has not set forth sufficient allegations in his Complaint indicating that the Court has diversity of citizenship jurisdiction over this case.  To invoke

B. <u>Failure to State a Claim</u>

Defendant argues in its Motion to Dismiss that the Court should dismiss the Complaint on the ground of lack of personal jurisdiction. Defendant describes its argument regarding personal jurisdiction in more detail in its response to the Motion for Default. Defendant argues that the Court "lacks personal jurisdiction because Maricopa county is immune from suit in this case because Arizona law confers upon the County absolute immunity when it exercises a judicial or legislative function." Resp. to Pl's Mot. for Default J. at 2. Defendant's "personal jurisdiction" argument is more properly characterized as an argument that the Complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim because the Complaint does not allege facts sufficient to indicate that Defendant is not entitled to immunity under the Arizona Immunity Act, Ariz. Rev. Stat. § 12-820.01(a)(1).

Section 12-820.01(a)(1) of the Arizona Immunity Act provides in relevant part, "A public entity shall not be liable for the acts and omissions of its employees constituting . . . [t]he exercise of a judicial or legislative function." The Complaint alleges only that Justice of the Peace W. Paul Johnson "tried White a second time for the same case," issued an "illegal judgment and warrant," and "conspired with the Maricopa County Prosecutor and White's defense lawyer." A court may dismiss

---

diversity of citizenship jurisdiction, a complaint must contain allegations sufficient to indicate that the plaintiff's claims meet the federal court's amount in controversy requirement set forth in 28 U.S.C. Section 1332(a). "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, [a] plaintiff[] must show that it does not appear to a legal certainty that [he] cannot recover" the jurisdiction amount. *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir.1994). Here, it appears to a legal certainty that Plaintiff cannot meet the amount in controversy requirement. In his Complaint, Plaintiff seeks only $1,000.00 in actual damages. Although he seeks $250,000.00 in punitive damages, Defendant Maricopa County is immune from an assessment of punitive damages. *See* Ariz. Rev. Stat. § 12-820.04.

a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). Plaintiff has not alleged sufficient facts in the Complaint to indicate that Justice of the Peace Johnson was acting outside of his judicial function. Allegations that Justice of the Peace Johnson "tried" Plaintiff improperly, issued an "illegal judgment and warrant" and conspired with a "County Prosecutor" and "defense lawyer," clearly deal with Justice of the Peace Johnson's official actions in his capacity as a justice of the peace. Based upon the allegations in the Complaint, it is clear that Plaintiff can prove no set of facts to indicate that Justice of the Peace Johnson was acting outside of his judicial function. Because Plaintiff has not alleged facts sufficient to indicate that Defendant Maricopa County is not immune from suit under Section 12-820.01(a)(1) of the Arizona Immunity Act, the Court grants the Motion to Dismiss.[3]

## CONCLUSION

For the reasons stated above, **IT THEREFORE IS ORDERED** that:

(a)     Plaintiff's Motion for Default, filed October 13, 2005, **[Doc. No. 4]**, is hereby DENIED;

(b)     Defendant's Motion to Dismiss, filed October 14, 2005, **[Doc. No. 6]**, is hereby GRANTED; the Court dismisses without prejudice the Complaint in its entirety;

(c)     Plaintiff's Motion to Set a hearing, filed December 5, 2005 **[Doc. No. 12]**, is

---

[3] In its Motion to Dismiss, Defendant also argues that the Complaint is subject to dismissal on the grounds of improper venue. Because the Court grants the motion to dismiss for failure to state a claim, the Court does not consider this argument.

hereby DENIED as moot.

Dated this 18th day of January 2006

                                                JUDITH C. HERRERA
                                                UNITED STATES DISTRICT JUDGE